PEERLESS MANUFACTURING CO. *v.* DETROIT CYCLE CO.

APPEAL—REVIEW.

> Complainant corporation, a creditor of the defendant cycle company, obtained from it a transfer of certain contracts as security for its claim, and left them for collection in the hands of defendant's secretary. The company thereafter gave a chattel mortgage to the defendant manufacturing company, and assigned as further security several of the contracts in question. Complainant filed a bill for an accounting, alleging that such secretary, as its agent, and the defendant manufacturing company, had made collections upon its contracts, and a decree was rendered declaring complainant to have a first lien upon all the contracts originally transferred to it, and directing that defendants account to it for all moneys received by them upon such contracts. *Held*, that the decree was fully sustained by the evidence.

Appeal from Wayne; Lillibridge, ·J. Submitted November 11, 1896. Decided December 9, 1896.

Bill by the Peerless Manufacturing Company against the Detroit Cycle Company, Limited, and others, for an accounting. From a decree for complainant, defendants appeal. Affirmed.

*A. G. Pitts* and *O. M. Leonard*, for complainant.

*Atkinson & Atkinson*, for defendants.

LONG, C. J. The defendant the Detroit Cycle Company, Limited, is a partnership association, organized under chapter 79, 1 How. Stat., and doing·business in the city of Detroit. The complainant is a corporation of Cleveland, Ohio, engaged in the business of manufacturing and selling bicycles and bicycle sundries. On September 16, 1893, the Detroit Cycle Company was indebted to the complainant in the sum of $2,705, and on that day the

complainant sent Frank R. Merchant, an attorney, to Detroit, to secure the debt, and such negotiations were had that it was agreed between Mr. Merchant, representing the complainant, and Mr. Matheson, Mr. Holmes, and Mr. Robinson, representing the Detroit Cycle Company, that the latter should transfer to the complainant certain contracts as security for the complainant's claim. It was the custom of the Detroit Cycle Company, in many cases, to sell bicycles on weekly and monthly payments, according to the terms of a contract entered into between the parties, by which the bicycle was turned over to the purchaser, but remained the property of the Detroit Cycle Company until the payments had been fully completed. Forty-two of these contracts were selected by Mr. Matheson, president of the company, in the presence of Mr. Holmes, the treasurer and manager, and turned over to Mr. Merchant, and he left them with the bookkeeper of the Detroit Cycle Company with the understanding that defendant Robinson was to have charge of them, and make collections upon them, and turn the proceeds over to the complainant. A list of these contracts was made, and is headed, " List of Contracts Passed Over to E. B. Robinson on Behalf of the Peerless Manufacturing Company, Cleveland, Ohio, September 16, 1893." Each contract was numbered, and the amount due on each stated in the list, as well as the names of the parties from whom the amounts were due, amounting in all to $3,537.96. Complainant claims that by this arrangement defendant Robinson did collect certain amounts, and for a time remitted the proceeds, or a part thereof, but that in December, 1893, he refused and neglected to remit anything further. On October 6, 1893, the Detroit Cycle Company gave a chattel mortgage to the defendant the Gormully & Jeffery Manufacturing Company, an Illinois corporation, to whom the Detroit Cycle Company was indebted, and at the same time assigned all its contracts to that company as further security, including many of the contracts formerly turned over to the complainant, and

which the latter contends were in the hands of Robinson as its agent for collection; and it is asserted that the Gormully & Jeffery Manufacturing Company now claims to own those contracts, and has made collections thereon.

The Gormully & Jeffery Manufacturing Company claims by its answer that it knew nothing of the arrangement by which Robinson received these contracts, and was to collect them for the complainant, but admits that the defendant Detroit Cycle Company gave a chattel mortgage and assigned these contracts to it, to secure certain indebtedness to it. It denies that it received from the Detroit Cycle Company any contracts belonging to the complainant, or that it received any contracts from defendant Robinson, and avers that all the contracts assigned to it were at the date of the assignment in the possession and under the control of the Detroit Cycle Company, and that it had no notice that the complainant had any claim thereto. And it further alleges that, relying upon the apparent ownership of the contracts evidenced by the possession of the same by the Detroit Cycle Company, and in consideration of the latter's assignment to it, the Gormully & Jeffery Manufacturing Company advanced to the said Detroit Cycle Company a large sum of money to relieve said contracts from the lien of the Preston National Bank, where said contracts were held as collateral security to certain notes of the Detroit Cycle Company, and that, in addition to paying about $2,000, it extended the time of payment of the amount due it by the Detroit Cycle Company, and took said chattel mortgage and assignment in good faith, and without notice of any right or interest the complainant had in any of them. It denies that it made any collections on contracts belonging to the complainant. It alleges that on account of its succeeding to the business of the Detroit Cycle Company, and transacting business at the same store, certain moneys have been paid into its hands by various parties, and also several bicycles have been left with it, which, it is informed, belonged to the complainant or to the Detroit

Cycle Company, for all of which sums collected and machines left with it the defendant is ready to account to whomsoever it is proper. Defendant Robinson denies by his answer that he ever received these contracts, and alleges that he refused to have anything to do with the collection of them personally, and that, if any amounts have been paid to the complainant upon its account, it was done at the request of the manager of the Detroit Cycle Company; and he denies that he ever made any agreement at any time to collect said contracts for the complainant, or that he is in any way indebted to the complainant.

On the hearing the court below made a decree finding that there was due from the Detroit Cycle Company to the complainant the sum of $2,817.62, and that for such amount complainant had a lien upon all the contracts for the sale of bicycles set forth and enumerated in the schedule made and delivered by the officers of the company to the complainant on September 16, 1893, and that this was a first lien thereon, and not subject to any lien acquired by the Gormully & Jeffery Manufacturing Company; that that company should account to the complainant for the moneys received by it upon said contracts; that, as to the remainder of said contracts, Edwin B. Robinson should account for all sums collected thereon after the 16th day of September, 1893, that being the day when the contracts were accepted by him for collection on behalf of complainant, as found by the court. The court referred the matter of accounting to a circuit court commissioner of Wayne county to ascertain the true state of the account, what had been collected upon each contract, and by whom, and what bicycles had been returned, and what contracts had been settled and compromised, and by whom, and directed that the Gormully & Jeffery Manufacturing Company and Edwin B. Robinson should account for such contracts, and pay over to the complainant the amount found due from them, respectively, within 10 days after said accounting should be completed, and

directed that, should any deficiency remain, the commissioner should sell bicycles returned to meet it, and report his doings thereon to the court. The court further found that the bicycle contracts for which the Gormully & Jeffery Manufacturing Company should account were the 16 which were included in the assignment to that company, and which had been theretofore turned over to Robinson for collection, and that it should also account for other contracts, enumerated in Schedule A, upon which its agents had received payments, and that, should any default be made in the sum found due to the complainant from either Edwin B. Robinson or the Gormully & Jeffery Manufacturing Company for 10 days after the coming in of the report, the complainant should have execution therefor. From this decree the defendants appeal.

It would not be profitable to set forth or discuss the testimony given in the case. We are satisfied that the testimony fully sustains the decree made by the court below. It is contended, however, by counsel for defendants, that Mr. Matheson, Mr. Holmes, and Mr. Robinson had no power or authority to act for the company in turning over these contracts to the complainant's agent on September 16, 1893. It appeared that Mr. Matheson was the president of the company, Mr. Holmes the treasurer, and Mr. Robinson its secretary; and we think there is sufficient testimony to show that they had such authority. It was not an act creating a debt against the company, but the turning over of property for the purpose of securing a debt. It is admitted that the Detroit Cycle Company was indebted to the complainant.

The decree below will be affirmed, and the record remanded for the purpose of an accounting. The complainant will recover its costs.

The other Justices concurred.